UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Heath King, #318429, | ) |
|                         Petitioner, | ) C/A No. 6:11-2577-RBH-KFM |
| vs. | ) **REPORT AND RECOMMENDATION** |
| South Carolina, State of, | ) |
|                         Respondent. | ) |

Petitioner, Travis Heath King ("Petitioner"), a self-represented state prisoner housed in the McCormick Correctional Institution (MCI) in McCormick, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner alleges that he is serving a sentence of fifteen (15) years imprisonment suspended to thirteen (13) years, after pleading guilty to numerous charges and being sentenced in Greenville County General Sessions Court on November 5, 2009.[1] ECF No. 1, p. 1. Having reviewed the

---

[1] In response to the question asking Petitioner to identify all crimes of which he was convicted and sentenced Petitioner alleges "I had 3 first degree burglaries, 1 kidnapping, 1 petit larceny, 1 possession of a weapon during a violent crime, 1 attempt arm robbery, 3 armed robberies, and 4 criminal conspiracy." ECF No. 1, p. 1. However, the Greenville County Thirteenth Judicial Circuit Public Index indicates that Petitioner pled guilty, on November 5, 2009, to three (3) armed robbery indictments (2009-GS-23-03648; -03625, -03650); one (1) attempted armed robbery indictment (2009-GS-23-03591); one (1) kidnapping indictment (2009-GS-23-03624); two (2) burglary second degree indictments (2009-GS-23-03649; -03621); and one (1) indecent exposure indictment (2009-GS-23-07942). He was sentenced to ten (10) years on each of the armed robbery and attempted armed robbery charges; fifteen (15) years

1

Petition and applicable law, the undersigned finds that the Petition should be summarily dismissed without prejudice and without requiring Respondent to file a return.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945).

---

suspended to thirteen (13) years on the kidnapping charge; fifteen (15) years suspended to thirteen (13) years on each burglary charge; and one(1) year on the indecent exposure charge. Nine (9) other indictments were dismissed by the Solicitor's *nolle prosequi*, on November 6, 2009, because Petitioner "pled guilty to other charges [per] plea agreement," *i.e.* two (2) charges of indecent exposure -09556, -09560; one (1) charge of burglary -03619; one (1) charge of possession of a weapon during a violent crime - 03622; four (4) charges of conspiracy -03620, -03626, -03618, -03592; and one (1) charge of petit larceny -03623;" *See* http://www.greenvillecounty.org/scjd/publicindex/SCJDPublicIndex23/PISearch.aspx?CourtType=G (last visited October 3, 2011). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (federal courts may take judicial notice of proceedings in other courts of record). The South Carolina Department of Corrections' Incarcerated Inmate Search web site indicates that Petitioner is serving a fourteen (14)-year sentence, with a sentence start date of January 27, 2009 and an admission date of November 9, 2009. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited October 3, 2011). *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner alleges that he "took a plea bargain," ECF No. 1, p. 1, and did not file a direct appeal of his convictions and sentences. In response to the question "Have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?," Petitioner gives the docket number of one of his criminal cases, 2009-GS-23-03624, and states that he "wanted to get [his] motion of discovery (Rule 5) which [he] was never given while incarcerated in the county jail. So [he] didn't

3

know what [he] had against [him]." ECF No. 1, p. 3. Aside from this allegation that he filed an unanswered pretrial discovery motion, pursuant to Rule 5 of the South Carolina Rules of Criminal Procedure, in his state criminal case, Petitioner makes no allegations that he has ever filed any other state court actions challenging his convictions or sentences. Petitioner lists, as his sole ground for filing this Petition, that "[he] didn't receive [his] (Rule 5) when [he] requested it in Greenville County LEC [Law Enforcement Center]. [He] wrote a motion for [his] Rule 5." ECF No. 1, p. 5. Petitioner alleges that he did not raise this issue on appeal or in a post-conviction proceeding in state court because "[he] never knew [he] was supposed to get [his] Rule 5 when requested." *Id.* As to the relief he seeks from this Court, Petitioner asks for "time reduction or 1 million dollars."[2] ECF No. 1, p. 14.

## DISCUSSION

The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed in this case should be summarily dismissed because it plainly appears from the face of the Petition that Petitioner has not exhausted his state remedies. With respect to his 2009 Greenville County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Exhaustion "preserves

---

[2] Monetary damages are not an available remedy in a habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994); *McKinney-Bey v. Hawk-Sawyer*, No. 03-6455, 69 Fed. Appx. 113, 113 (4th Cir. 2003).

4

the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*, 410 U.S. 484). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

  (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. However, as noted above,

it clearly appears from the allegations contained in the Petition that Petitioner has not ever filed a direct appeal of his convictions or sentences to the South Carolina state appellate courts, nor does it appear that he has filed a post-conviction relief ("PCR") application directed to these convictions or sentences. As a result, the ground for habeas relief ostensibly raised in the present § 2254 Petition has not yet been considered and addressed by courts of the State of South Carolina, and this is fatal to the case.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is codified at S.C. Code Ann. §17-27-10 *et seq*., is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977). Since Petitioner has a viable state court remedy that has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

**RECOMMENDATION**

Accordingly, it is recommended that the Petition be dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer

from the respondent). Petitioner's attention is directed to the important notice on the next page.

                                                  s/ Kevin F. McDonald
                                                  United States Magistrate Judge

October 5, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).